UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
JOSE LUIS ORTIZ-DIAZ,
MELODY ORTIZ-DIAZ, and
RICARDO ORTIZ-DIAZ,

                Plaintiffs,

v.

SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------x

**MEMORANDUM & ORDER**

17-CV-7532 (WFK)(LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On December 27, 2017, the Court received a *pro se* complaint ostensibly from Jose Luis Ortiz-Diaz, Melody Ortiz-Diaz, and Ricardo Ortiz-Diaz ("Plaintiffs"). However, only Jose Luis Ortiz-Diaz signed the complaint and submitted an application to proceed *in forma pauperis* ("IFP"). If they wish to proceed in this action, Plaintiffs are directed to file an amended complaint and individual IFP applications within 30 days of the date of this Order.

## BACKGROUND

The complaint names "Social Security," with an address at 1871 Rockaway Parkway in Brooklyn, as the sole defendant. The complaint does not provide any basis for this Court's jurisdiction over the action and states that the amount in controversy is $5,527.80. ECF No. 1. ("Compl.") at 5. Liberally construing the complaint and reading between the lines, the Court recognizes the following factual allegations.

Plaintiffs receive monthly letters from the Social Security office regarding repayment of past overpayments. *Id.* at 5. Plaintiffs requested a waiver to lower the amount of repayment, and have made multiple trips to the office. *Id.* at 5-6. Despite that request, Plaintiffs "recieve [*sic*] another letter the following [month] indicating that we owe that amount again." *Id.* at 5. The

letters threaten to "take monies from us if we do not go to the office to solve this matter." *Id.* at 6. Plaintiffs state: "We have been harressed [*sic*] constantly." *Id.* at 5. The complaint does not request any specific relief.

## DISCUSSION

### A. Standard of Review

Title 28, section 1915(e)(2)(B) of the United States Code provides that a district court "shall dismiss" an *in forma pauperis* action if "the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

2

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## B. Missing Signatures

The caption of the complaint includes the names of three individuals, but only one of them has signed the complaint or submitted an application to proceed IFP. All *pro se* plaintiffs in a lawsuit must sign the complaint. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). A non-attorney appearing *pro se* may not represent another *pro se* litigant. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause"). An exception to this rule applies to Social Security appeals, in which parents may proceed on behalf of their minor children. *See Rekha v. United States*, 15 CV 7271, 2017 WL 3891647, at *2 (E.D.N.Y. Aug. 3, 2017), *report and recommendation adopted*, 15 CV 7271, 2017 WL 3887875 (E.D.N.Y. Sept. 5, 2017) (Mauskopf, J.) (collecting cases). If the other named plaintiffs are under 18 years of age, Jose Luis Ortiz-Diaz may file on their behalf, but he must affirm that they are minors, indicate that he is appearing on their behalf, and provide only their initials, not their full names.

3

## C. Nature of the Claim

The complaint as submitted fails to conform to the dictates of Rule 8, in that it neither establishes a basis for the Court's jurisdiction nor presents a cognizable demand for relief. It appears that Plaintiffs owe money to the Social Security Administration for past overpayments of benefits. Plaintiffs apparently believe that they are entitled to a reduction in the repayment amount. However, they have not indicated the steps they have taken to resolve this claim with the agency in order to exhaust their administrative remedies prior to turning to federal court.

The Social Security Act provides procedures for determining eligibility for social security benefits within the agency and includes multiple levels for individuals to seek review of unfavorable decisions. Only after an individual has exhausted all levels of review within the agency may he or she seek federal court review of "any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). In this case, Plaintiffs have not alleged that they have received a final decision from the Commissioner, as would be required by 42 U.S.C. § 405(g) in order to file a federal lawsuit related to Social Security benefits. Accordingly, this Court does not have subject matter jurisdiction over the action and the complaint must be dismissed.

## D. Leave to Amend

In light of Plaintiffs' *pro se* status, the Court grants 30 days within which to file an amended complaint. The amended complaint must be captioned, "Amended Complaint," and

4

shall bear the same docket number as this Order. The caption must indicate the intended plaintiff or plaintiffs in the action, and each of those individuals must sign the amended complaint. The amended complaint must identify a basis for federal jurisdiction and a demand for relief. Should Plaintiffs wish to challenge a decision by the Social Security Administration, they must establish that they have an appealable final decision from the Commissioner. Moreover, each plaintiff must submit his or her own completed and signed application to proceed *in forma pauperis*.

## CONCLUSION

For the reasons stated above, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. All proceedings shall be stayed for 30 days. If Plaintiffs fail to replead within 30 days as directed by this Order, judgment dismissing the complaint without prejudice shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
February 6, 2018